**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. BROWN,<br><br>         Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>         Defendant. | CASE NO. ED CV 11-00686 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

The Court finds the first and third of Plaintiff's four arguments insufficient to overturn the Commissioner's denial of disability benefits. The pertinent parts of those Administrative Law Judge rulings were free of legal error and supported by substantial evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). However, because the Court agrees in part with Plaintiff's third argument, essentially that the ALJ did not sufficiently explain his finding of no "severe" mental impairment, the Court will remand the matter without reaching Plaintiff's fourth issue.

**Issue 1:     Partial Discounting Of Treating Physician's Opinion**

Plaintiff argues first that the Administrative Law Judge did not supply a proper basis for discounting the medical opinions of Plaintiff's treating physician, Dr. Andrew Hesseltine, whom Plaintiff visited with complaints of pain. [AR 105-06, 152-

53, 163] (Dr. Hesseltine limited Plaintiff to sitting, standing or walking for only a few minutes at a time, among other marked restrictions. [AR 591-92]) Plaintiff tellingly does not point out two things, however, about the results of Dr. Hesseltine's referral of Plaintiff to Dr. Kenneth Jordan for tests (although the ALJ relies on both). First, the results of Dr. Jordan's tests, including a nerve conduction test and a CT scan, were negative and normal [AR 169-73, 174-79, 205-08], as were other, prior test results that Plaintiff presented to Dr. Jordan [AR 174]. Second and perhaps worse for Plaintiff, Dr. Jordan did not stop at noting that "the underlying cause of Mr. Brown's lower extremity pain has not yet been determined" in light of the various normal test results. Dr. Jordan went further, expressly indicating that Plaintiff was malingering or exaggerating his symptoms. Although Dr. Jordan employed medical jargon as a euphemism of sorts, it is nonetheless a striking conclusion from the very physician to whom Dr. Hesseltine himself referred Plaintiff for tests meant to discover the organic source of the reported pain:

> It is notable that Mr. and Mrs. Brown added several other symptoms in the course of their visit. He complained of short-term memory loss and sudden loss of balance, usually to the left. *Question of some somatosization tendency suggested by these cumulative and disparate symptoms.*

[AR 175 (emphasis added).] The ALJ prominently cited this aspect of Dr. Jordan's report, among others. [AR 20-21] So did the non-examining state agency physician, Dr. Kevin Gregg – a fact the ALJ also noted. [AR 301, 20]. The ALJ's citations to Dr. Jordan's and Dr. Gregg's reports provide a specific and legitimate reason for discounting the opinion of Dr. Hesseltine. As the ALJ pointed out, Dr. Hesseltine substantially relied on Plaintiff's subjective accounts in reporting symptoms and ability or inability to perform various tasks. In sum, the ALJ's discounting of Dr. Hesseltine's opinion in favor of the other opinions was not error.

**Issue 3:     Partial Discounting Of Plaintiff's Credibility (Subjective Symptoms)**

Plaintiff's third argument, challenging the discounting of his credibility, fails for essentially the same reasons. The ALJ properly made specific findings, stating "clear and convincing" reasons, namely the numerous negative (and uncontradicted) clinical findings by Dr. Jordan, coupled with Dr. Jordan's clear conclusion that Plaintiff was exaggerating or worse .[1]  *See Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc).

**Issue 2:     Finding Of No Severe Mental Impairment (Prior To Date Last Insured)**

Plaintiff's date last insured was March 31, 2008. The ALJ found that, as of that date, Plaintiff suffered no medically determinable mental impairment. Plaintiff faults the ALJ in two essential respects. The Court agrees with both arguments, at least technically, but the second is harmless error at worst. The first requires remand.

First, Plaintiff asserts that the ALJ "failed to discuss any of the evidence" about mental issues *prior* to the date last insured (DLI), Mem. at 11. On the one hand, there is little pre-DLI evidence other than Plaintiff's subjective reports of various symptoms and lay self-diagnoses, such as "anxiety" and "depression." [AR 245, 219] But "severity" is a matter of work-related functions, not symptoms alone. Plaintiff correctly notes that he was prescribed Effexor in 2006 [AR 278] and Zoloft in January 2008 [AR 334], but that may indicate only that Plaintiff's mental symptoms were properly

---

[1] The Court does agree with two of Plaintiff's challenges about the credibility issue, but the Court's agreement as to those challenges is insufficient to justify remand and/or reversal. Specifically, first, the Court agrees that the ALJ was incorrect in citing Plaintiff's "conservative" care as one basis for finding Plaintiff less than fully credible. Unlike the use of NSAIDs or TENS, for example, the Court does not view as "conservative" (a) injections of steroids and painkillers into the spine [AR 272-73]; (b) surgical implantation of a spinal stimulator [AR 255-56, 270-71]; and (c) an epidural catheter for morphine delivery. [AR 311-12, 315-16] Second, the Court largely agrees with Plaintiff that his daily activities of using a computer and watching television do not undercut his credibility in describing nearly incapacitating pain – but Plaintiff's dog-walking provides some support for the ALJ's credibility finding.  These two issues notwithstanding, the ALJ did not err in relying on Dr. Jordan's findings as a specific, legitimate basis for finding Plaintiff less than fully credible.

controlled. On the other hand, Plaintiff is correct that the ALJ should have discussed his reasons, based on the pre-DLI evidence (or lack thereof), for finding no severe mental impairment.

Second, Plaintiff faults the ALJ for improperly rejecting a post-DLI report by a psychologist, Dr. Kreger, as evidence of a *pre*-DLI severe mental impairment. The ALJ indeed gave short shrift to Dr. Kreger's June 2009 evaluation, largely a check-the-boxes affair which concluded Plaintiff suffered from depression. [AR 391-98] Perhaps this is because, in the portion of the form report calling for Dr. Kreger to "Identify the **laboratory and diagnostic test results** which demonstrate and/or which support your diagnosis" (emphasis in original), the psychologist wrote only, "None / other than DSM IV-TR criteria." [AR 329] It may have been improper of the ALJ to refuse to address, in substance, Dr. Kreger's post-DLI report as potential evidence of a pre-DLI severe mental impairment. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 547 (3d Cir. 2003). Even if that refusal was error, however, it was plainly harmless. The report was hopelessly weak support, for at least two reasons. First, as just noted, it appears to lack any objective basis other than Plaintiff's own statements. Dr. Kreger admitted conducting no "laboratory or diagnostic test[s]." Dr. Kreger indicated having seen Plaintiff only two times. [AR 391] Second and more importantly, even if the report were fully credited and truly showed Plaintiff to have severe mental impairments in June 2009, Dr. Kreger's opinion was that Plaintiff's mental limitations were likely present for the prior "3 to 12 months?" [AR 398], explaining only, "hard to guess." The limitations thus were not present long enough in the past (that is, prior to June 2009) to have begun before Plaintiff's March 2008 DLI. At best, the report indicates Plaintiff's impairments began in June of 2008, three months after his DLI.

**Issue 4:     Propriety Of ALJ's Resort To "The Grids"**

An ALJ cannot deny benefits based on "the Grids" when a claimant has significant non-exertional limitations. *See Derosiers v. Sec. of HHS*, 846 F.2d 573, 577

(9th Cir. 1988). Plaintiff argues that his pain and mental impairments are non-exertional limitations that bar the ALJ's Grids-based denial. The Court must defer ruling on this argument. As noted above, remand is required to address the pre-DLI portion of Plaintiff's argument asserting an improper finding of no "severe" mental impairment, and a "severe" mental impairment is a non-exertional limitation. Thus, the remanded issue is intertwined with this (Grids use) issue.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this memorandum opinion.

DATED:   March 2, 2012

```
_____
        RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE
```